JOEL DOSS *v.* B. L. HANNON AND WIFE.

**Landlord and Tenant — Forcible Entry and Detainer.**

> Appellant as tenant to one H. Hines, through his agent, had been in possession of land for about twenty years, which possession had never been surrendered to appellees, claiming same, but though at one time he seemed to conclude to rent of appellee or surrender the place, he afterward declined to either rent or surrender or vacate the premises. However, he did agree to give appellee one-half of the then growing apple crop, done more for the purpose of an equitable settlement rather than an acknowledgment of tenancy. *Held,* that this situation of facts does not establish the relation of landlord and tenant and does not justify a suit of forcible entry and detainer, and judgment for same reversed.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

June 11, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The evidence does not establish the relation of landlord and tenant between appellees and appellant but negatives the same; consequently, there was no forcible detainer made out, and nothing to justify the proceedings by forcible detainer, nor the verdict of the jury, nor the judgment of the court upon the traverse of the finding in the country.

Appellant as tenant to Hardy Hines through his agent, Pogue, had had possession for about twenty years, which possession he had never surrendered to appellees; but though he seemed at one time to conclude he would rent of Mrs. Hannon the following year or surrender to her the place, rather leave it, yet he never did actually rent of her but refused to do so, did not surrender or vacate, but continued his previous possession; nor did the arrangement by which he agreed she should have a part of the then matured apple crop amount to a tenancy; she claimed he should pay her rent for the use of the place, which he had enjoyed without her consent, but this he refused saying the improvements were worth the use of the land, when on her saying at least she ought to have a part of the fruit he replied the apples were specking and that he was willing she should have a part of them but she must send after them; this cannot be construed into an atone-

ment, nor a surrender of the possession; it was rather a concession of what he considered of but little value rather than have a litigation or unfriendly feeling; he never did in fact either rent from her nor surrender to her. Wherefore, the judgment is reversed, with directions for a new trial and further proceedings in accordance herewith.

*Eaves,* for Appellant.

*Ricketts,* for Appellee.